**PHILLIPS DAYES**
LAW FIRM
*A Professional Corporation*
3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
TREY DAYES, No. 020805
SEAN C. DAVIS, No. 030754
PRESTON K. FLOOD, No. 032764
seand@phillipsdayeslaw.com
(602) 288-1610 ext. 432
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Donald Dunn;<br><br>   Plaintiff,<br><br>   vs.<br><br>The TJX Companies, Inc., a Delaware corporation,<br><br>   Defendant | Case No.: _____<br><br>**COMPLAINT** |

Plaintiff Donald Dunn ("Plaintiff"), for his Complaint against Defendant The TJX Companies, Inc., ("Defendant"), alleges as follows:

## **NATURE OF THE CASE**

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

2. Pursuant to the FLSA, 29 U.S.C. § 215(a)(3), it is unlawful to discharge or in any other manner discriminate against any employee because such employee has filed a complaint or instituted or caused to be instituted any proceedings under or related to this chapter, or has testified or is about to testify in any such proceedings, or has served or is about to serve on an industry committee…".

3. Plaintiff brings this action against Defendant for unlawful retaliation in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3).

4. Plaintiff seeks to compensatory damages, punitive damages, attorneys' fees and costs, and all other legal or equitable relief permitted under 29 U.S.C. § 216.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

6. Venue is proper under 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to this matter occurred in this District.

7. The named Defendant, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

## PARTIES

8. At all times material hereto, Plaintiff was a resident of Maricopa County,

Arizona.

9. At all times material hereto, The TJX Companies, Inc., was incorporated in the State of Delaware with corporate headquarters in Framingham, Massachusetts.

10. On information and belief, at all relevant times, the annual gross revenue of Defendant exceeded, and continue to exceed, $500,000.00

11. Plaintiff engaged in commerce or in the production of goods for commerce and is therefore individually covered under the FLSA pursuant to 29 U.S.C. §§206(a), 207(a)(1), 212(c).

12. At all relevant times, Plaintiff was and continues to be an "employee" of Defendant.

13. At all relevant times, Defendant was and continues to be an "employer" as defined in 29 U.S.C. § 203(d).

14. Defendant should be deemed an "employer" for purposes of the FLSA including, without limitation, 29 U.S.C. § 216.

15. The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendant.

### FACTUAL BACKGROUND

16. Defendant, the TJX Companies, Inc., is one of the largest off-price retailers of apparel and home fashion in the United States and worldwide.

17. In the United States, Defendant operates T.J. Maxx and Marshalls (combined, Marmaxx), HomeGoods and Sierra Trading Post, as well as tjmaxx.com and seirratradingpost.com.

18. On or about October 12, 2012, Plaintiff was hired by Defendant to be a supervisor for a Marshalls' distribution center in Phoenix, Arizona.

19. Plaintiff's job duties and responsibilities included helping store, pack and ship various items for Marshalls' stores.

20. At the time of hire, Defendant compensated Plaintiff with a salary of $55,000 per year.

21. Currently, Defendant compensates Plaintiff with a salary of $57,000 per year.

21. On or about January 16, 2017, Plaintiff placed a call to Defendant's third-party human resources tip line to report that a supervisor, Ryan Ambler ("Ambler"), had promised an associate, Rebecca Randall ("Randall"), that she could get promoted to a position of merchandise control if she trained with Ambler. However, Ambler was requiring Randall to report for training with him after she had worked her regular hours and was off-the-clock.

22. On or about March 2, 2017, Janel Gomez ("Gomez"), a human resources advisor, brought Plaintiff into her office and expressed to him that she knew it was him that had called the third-party human resources tip line. She wanted Plaintiff to know that the situation had been resolved.

23. On or about March 6, 2017, Plaintiff began to experience negative treatment from other members of the Engineered Standards Team, and Ambler, who had been promoted and placed in charge of Plaintiff, including but not limited to unfairly and unnecessarily criticizing Plaintiff's work and aggressively micromanaging Plaintiff to an unnecessary and hostile degree.

24. On or about March 7, 2017, Tim Proctor ("Proctor") approached Plaintiff and informed him that the upper management of the Engineered Standards Team had discussed targeting Plaintiff for negative treatment with the goal of having Plaintiff fired from his job.

25. On or about March 7, 2017, Craig Swain ("Swain") informed Plaintiff that he was no longer eligible and on the list for a training program provided by Defendant to further an employee's education about the business so that they can become a better leader.

26. Plaintiff had been eligible and on the list for that opportunity as of November, 2016, and just a month prior in February 2017, a co-worker who was attending the training program told Plaintiff that he was excited that he and Plaintiff were both attending the training program.

27. On or about March 9, 2017, Plaintiff spoke with Steve Nay ("Nay") about his concerns regarding the retaliation he felt he was being subjected to by Ambler and the upper management of the Engineered Standards Team.

28. On or about March 9, 2017, Plaintiff spoke with Dan Rendon ("Rendon") about how he felt he was being targeted by the Engineered Standards Team and that they were trying to get him fired from his job because he had reported an overtime violation.

29. Plaintiff has retained the law firm of Phillips Dayes Law Firm to prosecute his claims against Defendant on his behalf and has agreed to pay reasonable costs and attorney's fees in the prosecution of this matter.

## COUNT ONE
## RETALIATION IN VIOLATION OF THE FLSA (42 U.S.C. § 2000-3(a))

30. Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

31. As set forth above, Plaintiff was retaliated against for exercising his rights under the FLSA.

32. Pursuant to FLSA, 29 U.S.C. § 215(a)(3), it is unlawful to discharge or in any other manner discriminate against any employee because such employee has filed a complaint or instituted or caused to be instituted any proceedings under or related to this chapter, or has testified or is about to testify in any such proceedings, or has served or is about to serve on an industry committee…"

33. Such conduct not only includes formal complaints with a court or the Department of Labor, but also informal complaints to an employer. *See Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1151 (9th Cir. 2000).

34. Plaintiff has suffered emotional distress, mental anguish, lost past and future wages as a result of Defendant's retaliatory conduct.

35. As a result of Defendant's retaliatory conduct, Plaintiff is entitled to compensatory damages, punitive damages, attorneys' fees and costs, and all other legal or equitable relief permitted under 29 U.S.C. § 216.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor, and against Defendants:

     a. Awarding Plaintiff compensatory damages in an amount to be proved at trial;

     b. Awarding Plaintiff punitive damages in an amount to be proved at trial;

     c. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of litigation pursuant to 29 U.S.C. § 216;

     d. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (A) and (B) above from the date of the payment due for that pay period until paid in full;

     e. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

     f. For such other and further relief as the Court deems just and proper.

Dated: August 14, 2017                  Respectfully submitted,

                                                **PHILLIPS DAYES LAW FIRM PC**

                                                By: /s/ Sean C. Davis
                                                     Sean C. Davis
                                                     Trey Dayes
                                                     Preston K. Flood

                                                   Attorney for Plaintiffs